IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KENDRICK MCCLAIN, | § § § § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-24-0050 |
| | § | |
| UNITED AIRLINES, *et al.*, | § § | |
| Defendants. | § § § § § | |

**MEMORANDUM AND ORDER**

Kendrick McClain sued United Airlines, Eva Airways Corporation, and a John Doe defendant for negligence and gross negligence after he was injured at Houston's George Bush Intercontinental Airport. (Docket Entry No. 1). McClain alleged that he was employed at the airport and was hit by a vehicle operated by John Doe on December 19, 2021. He sued in Harris County state court, alleging violations of transportation safety regulations, failure to train and negligent hiring, and negligence in operating a motor vehicle. United Airlines removed and moved for a more definite statement. (Docket Entry No. 2). McClain did not respond.

Based on the motion, the record, and the applicable law, the court denies United Airlines' motion for a more definite statement. The reasons are set out below.

**I.      The Rule 12(e) Standard for a More Definite Statement**

A party is entitled to "a more definite statement" when a pleading is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). This standard "is plainly designed to strike at unintelligibility rather than a lack of detail." *Atain*

*Specialty Ins. Co. v. Nat'l Ambulance Co., LLC*, No. 16-CV-2281, 2017 WL 6334186, at *2 (S.D. Tex. Mar. 14, 2017) (quoting *Thurmond v. Compaq Computer Corp.*, No. 99-CV-711, 2000 WL 33795082, at *2 (E.D. Tex. Feb. 28, 2000)).  A party may use a more definite statement motion "as a mechanism to enforce the minimum requirements of notice pleading." *McCollim v. Allied Custom Homes, Inc.*, No. 08-CV-3754, 2009 WL 1098459, at *2 (S.D. Tex. Apr. 23, 2009).

Given this liberal pleading standard, motions for more definite statements "are generally disfavored." *SB Premium, LLC v. Wolfpack Wholesale, Inc.*, No. 17-CV-931, 2018 WL 4362726, at *12 (N.D. Tex. Sept. 13, 2018); *see McCollim*, 2009 WL 1098459, at *2 (collecting cases). "[A] complaint will be deemed inadequate only if it fails to (1) provide notice of circumstances which give rise to the claim, or (2) set forth sufficient information to outline the elements of the claim or permit inferences to be drawn that these elements exist." *McCollim*, 2009 WL 1098459, at *2 (quoting *Beanal v. Freeport-McMoran, Inc.*, 197 F.3d 161, 164 (5th Cir. 1999)).

A motion for a more definite statement should be granted "only when the complaint is so unintelligible that the court cannot 'make out one or more potentially viable legal theories,' and is 'so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to itself.'" *Arnold v. BNSF Ry. Co.*, No. 18-CV-1931, 2019 WL 1493160, *2 (N.D. Tex. Apr. 4, 2019) (quoting *Sefton v. Jew*, 204 F.R.D. 104, 106 (W.D. Tex. 2000)); *see also YETI Coolers, LLC v. Walmart Inc.*, No. 17-CV-1145, 2018 WL 5304119, at *1 (W.D. Tex. Oct. 25, 2018) (motions for a more definite statement "are normally granted only when a complaint is 'so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it'" (quoting *Phillips v. ABB Combustion Eng'g, Inc.*, Civ. A. No. 13-594, 2013 WL 3155224, at *2 (E.D. La. June 19, 2013))).

If the "defendant is complaining of matters that can be clarified and developed during discovery, not matters that impede his ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted." *Potter v. Cardinal Health 200, LLC*, 381 F. Supp. 3d 729, 734 (E.D. Tex. 2019) (quoting *Hoffman v. Cemex, Inc.*, Civ. A. No. H-09-2144, 2009 WL 4825224, at *3 (S.D. Tex. Dec. 8, 2009)); *see also Atain*, 2017 WL 6334186, at *2 ("In the presence of proper, although general allegations, the motion [for a more definite statement] will usually be denied on the grounds that discovery is the more appropriate vehicle for obtaining the detailed information." (quoting *Thurmond*, 2000 WL 33795082, at *2)). The court has "considerable discretion" in deciding whether to grant a motion for a more definite statement. *Residents Against Flooding v. Reinvestment Zone Number Seventeen, City of Houston*, 260 F. Supp. 3d 738, 757 (S.D. Tex. 2017) (citing *Ditcharo v. United Parcel Serv., Inc.*, 376 F. App'x 432, 440 n.9 (5th Cir. 2010).

## II.    Analysis

United Airlines argues that McClain's pleading is vague and ambiguous, and "does not allege sufficient facts regarding the acts or omissions of United that could amount to negligence or gross negligence[.]" (Docket Entry No. 2 at 2–3). United claims that "it is not clear where the accident occurred—whether it was outside the terminal on the street, on the tarmac, inside the terminal building, or elsewhere. Moreover, it is not clear who Plaintiff alleges owned or controlled the vehicle, who was the driver, or who employed John Doe." (*Id.*).

McClain's pleading provides a specific numerical address on "Terminal Rd" where he states that he was struck by a vehicle. (Docket Entry No. 1-2 at 6). This provides sufficient basis for determining where and how the injury occurred. There is no pleading requirement for McClain

to provide more particularity than the specific address. Even if the address corresponds to a larger area, as it may in an airport, it is not so vague as to fail to put United Airlines on notice.

It appears from McClain's pleading that he is unsure whether John Doe was employed by Eva Airways or United Airlines, and he does not know the name of John Doe.  United Airlines seeks a more definite statement of John Doe's employer, but McClain has pleaded the information he knows at this time.  United Airlines alleges that it needs to know "who controlled the vehicle in question[,]" (Docket Entry No. 2 at 3), but McClain's complaint already states that "Doe was operating [the] vehicle" at the time of the accident. (Docket Entry No. 1-2 at 4).

The "ambiguities" are matters that "can be clarified and developed during discovery, not matters that impede [United's] ability to form a responsive pleading[.]" *Potter v. Cardinal Health 200, LLC*, 381 F. Supp. 3d 729, 734 (E.D. Tex. 2019). "A motion for more definite statement should not be granted if the information a party wishes to obtain can be obtained through discovery." *Bryant ex rel Bryant Fam. Tr. v. Mueller*, No. 5:04-CV-075, 2004 WL 741321, at *3 (N.D. Tex. Apr. 6, 2004). All that is required under the notice pleading requirement is a "short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a). The plaintiff must "set[] forth prima facie elements of the claim in a manner that fairly places the adverse party on notice of the action against him." *Keller v. Kubota Tractor Corp.*, No. 16-CV-184, 2016 WL 10931440, at *1 (S.D. Tex. Aug. 22, 2016) (quoting Fed. R. Civ. P. 8(a)); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007) (Rule 8's requirement is meant "to give the defendant fair notice of what the claim is and the grounds upon which it rests" (alteration and quotation omitted)).

McClain's complaint is not "unintelligible." The motion for a more definite statement is denied.

SIGNED on February 5, 2024, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge